**Patrick J. PHILLIPS, Plaintiff,**

v.

**MERCHANTS INSURANCE GROUP, Defendant.**

No. 95–CV–498.

United States District Court, N.D. New York.

April 21, 1998.

Patrick J. Phillips, Saratoga Springs, NY, pro se.

Jaeckle, Fleischmann & Mugel, LLP, Buffalo, NY (Robert C. Weissflach, of counsel), for Defendant.

## MEMORANDUM—DECISION AND ORDER

McAVOY, Chief Judge.

Plaintiff Patrick J. Phillips filed this action claiming discrimination based on sex, age,

and military status, in violation of Title VII of the Civil Rights Act of 1964, 42·U.S.C. § 2000e–2 ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"), the New York Human Rights Law, Executive Law § 296 ("HRL"), and the Vietnam Era Veterans' Readjustment Act, 38 U.S.C. § 4212 ("VEVRA"). Currently before the Court is Defendant's motion for summary judgment.

## I. BACKGROUND

### A. Facts

Plaintiff Patrick J. Phillips was employed by Defendant Merchants Insurance Group ("Merchants") from August of 1992 through March of 1994. Phillips was 40 years old at the time he was hired by Merchants as a Regional Manager. He was hired to operate a new branch office, known as the Hudson Valley Strategic Business Center, located in Kingston, New York, where he worked throughout the duration of his employment. At the time of Plaintiff's termination from employment with Merchants he was 41 years of age. Cheryl Meyer Mancuso, Phillips' direct supervisor, discharged him from employment on or about March 1, 1994.

Phillips alleges that Mancuso, the Senior Vice President of Merchants Insurance Group, discriminated against him on the basis of his age, gender, and military status through the use of abusive language and treatment, and by way of policies and conditions of employment established and implemented by Merchants Insurance Group.

Phillips claims the following as evidence of Mancuso's discrimination against him: (a) Mancuso stated that she did not care whether Phillips had to "dance naked in the snow" to get business; (b) she asked Phillips if he thought he was a "big man on campus"; © she directed profanity at him; and (d) she called him names such as "little boy", "tough son-of-a-bitch", and "dumb man".

Additionally, Phillips alleges the following: (a) he was asked to work without sufficient resources; (b) he was given limited information from the company; © he was geographically isolated from his customers who were located in Westchester and Albany; (d) he was asked to stay out of the office for a period of time; (e) his office was not equipped with electronic network capabilities despite repeated requests; (f) Merchants held unrealistic expectations; and (g) Merchants provided little guidance or assistance in operating a new branch office. Phillips claims that the foregoing prevented him from being as productive and successful as other Regional Managers.

Phillips was ultimately terminated from his position as Regional Manager of Merchants Insurance Group. He alleges that the reason for his dismissal was based solely on his age, sex and military status. Merchants claims that Phillips was terminated because of poor work performance.

### B. Procedural History

After filing a charge with the Equal Employment Opportunity Commission ("EEOC") and receiving a right-to-sue letter, Plaintiff, appearing *pro se*, commenced the present action by filing, *inter alia*, a Complaint pursuant to Title VII. This matter was referred to United States Magistrate Judge Ralph W. Smith for an Order and Report–Recommendation pursuant to 28 U.S.C. section 636(b) and N.D.N.Y.L.R. 72.3(a).

In his May 30, 1995 Order and Report–Recommendation, Magistrate Judge Smith recommended that Plaintiff amend his Complaint in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff filed an Amended Complaint on July 6, 1995. Defendant moved to dismiss the Amended Complaint for failure to timely file. This Court held that although the Complaint was filed timely, it must nonetheless be dismissed *with prejudice* because it failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff appealed.

The Second Circuit Court of Appeals held that it was within the discretion of this District Court to find equitable tolling of the statute of limitations regarding the timing of the right-to-sue letter and the filing of the Amended Complaint. The Second Circuit nonetheless modified this Court's decision

and ordered that the Amended Complaint be dismissed *without prejudice.*

Plaintiff filed a Second Amended Complaint on November 26, 1996, alleging that Defendant wrongfully discharged him in violation of Title VII, the ADEA, the HRL, and VEVRA. Defendant filed a timely Answer. Thereafter, Defendant moved · to dismiss Plaintiff's claim under VEVRA. Defendant's motion was granted.

The present motion before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. Summary Judgment

To succeed on a motion for summary judgment, the moving party has the initial burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether there is a genuine issue of fact, a court must resolve all ambiguities and draw all inferences against the moving party. *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Once the moving party has met its burden, the opposing party has the burden of setting forth specific facts showing that there is a genuine issue as to material facts that would allow a "rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Moreover, where a party fails to make a sufficient showing on an essential element of the case with respect to which the party has the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. Discrimination Based on Gender

The issue in gender based discrimination cases is "whether members of one sex are exposed to disadvantageous terms or conditions of employment which members of the other sex are not exposed." *Harris v. Forklift–Systems, Inc.,* 510 U.S. 17, 25, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). Because the same legal standards apply to sexual harassment claims under Title VII and New York State's HRL, the Court's analysis applies to both statutes. *Pazamickas v. New York State Office of Mental Retardation and Development Disabilities,* 963 F.Supp. 190, 193 (N.D.N.Y.1997) (McAvoy, C.J.); *see also Tomka v. Seiler Corp.,* 66 F.3d 1295, 1304 n. 4 (2d Cir.1995).

Title VII provides that "it shall be an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ..." 42 U.S.C. § 2000e–2(a). The Supreme Court has interpreted Title VII to include, in addition to *quid pro quo* sexual harassment,[1] claims that establish discrimination based on sex where the discrimination creates a hostile or abusive work environment. *See, e.g., Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Harris,* 510 U.S. at 21, 114 S.Ct. 367.

In determining whether an environment is hostile or abusive, a court must look at the surrounding circumstances of the particular case. "These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23, 114 S.Ct. 367. Additionally, "for sexual harassment to be actionable, it must be sufficiently sever or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" *Meritor,* 477 U.S. at 67, 106 S.Ct.

1. *"Quid pro quo* sexual harassment occurs whenever an individual explicitly, or implicitly conditions a job, a job benefit, or the absence of a job detriment, upon an employee's acceptance of sexual conduct." *Nichols v. Frank,* 42 F.3d 503, 511 (9th Cir.1994). Plaintiff herein has not alleged sexual harassment of this nature.

2399 (quoting *Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir.1982)). Such incidents of harassment "must be repeated and continuous; isolated acts or occasional episodes will not merit relief." *Kotcher v. Rosa and Sullivan Appliance Center, Inc.*, 957 F.2d 59, 63 (2d Cir.1992).

Initially, Plaintiff is required to establish that the conduct complained of was based on his gender. *See, e.g., Meritor*, 477 U.S. at 63–66, 106 S.Ct. 2399; *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1042 (2d Cir. 1993); *Galdieri–Ambrosini v. National Realty & Development Corp.*, 136 F.3d 276 (2d Cir.1998). He is compelled to set forth specific evidence showing that there is a genuine issue as to this material fact.

■ Both parties admit that the material facts of this case are undisputed. Therefore, it is Plaintiff's burden to show that the conduct complained of was gender based, that it was sufficiently sever or pervasive to create a hostile work environment, and that it was repeated and continuous. If Plaintiff meets this burden he has the additional burden of showing "that a specific basis exists for imputing the conduct that created the hostile environment to the employer." *Murray v. New York University College of Dentistry*, 57 F.3d 243, 249 (2d Cir.1995).

■ Even resolving all ambiguities and drawing all inferences in the light most favorable to him, Plaintiff has not met this burden. Neither the statements made by Mancuso, nor the allegations that Plaintiff was disadvantaged in the work place, are sufficient to support a claim that Plaintiff was discriminated against because of his gender. "Actionable sexual harassment must consist of more than isolated incidents of casual comments that express harassment or hostility." *Babcock v. Frank*, 783 F.Supp. 800, 808 (S.D.N.Y.1992).

Plaintiff has also submitted a statement that he claims is evidence of a hostile work environment. This statement was submitted to the United States Department of Labor by Margret Eileen Gil, a female co-worker also employed as a Regional Manager at Merchants. Gil states that she, Plaintiff, and other Regional Managers, were "subject to open individualized ridicule and intimidation by Ms. Mancuso at various times." (Plaintiff's Mem. of Law, Exh. "D"). Plaintiff offers this as evidence of gender discrimination. However, this evidence shows that members of both sexes were exposed to disadvantageous terms or conditions of employment. Mancuso was hostile to both male *and* female Regional Managers.

Even if Plaintiff is successful in proving that the work environment was hostile, he does not allege sufficient facts to show that it was hostile based on his gender. Instead, Plaintiff demonstrates to the Court that Mancuso created a working environment that was hostile and abusive to both sexes.

■ Clearly, taking Plaintiff's statements as alleged, Mancuso was not a pleasant person to work for. However, Mancuso's comments to Plaintiff, although offensive, when examined in context appear far more hostile and angry than sexual. Behavior that is immature, nasty, or annoying, without more, is not actionable as sexual harassment. *See, e.g., Porras v. Montefiore Medical Center*, 742 F.Supp. 120, 127 (S.D.N.Y.1990) ("Unfair, overbearing, or annoying treatment of an employee, standing alone cannot constitute a Title VII sex discrimination claim."); *Christoforou v. Ryder Truck Rental, Inc.*, 668 F.Supp. 294, 303 (S.D.N.Y.1987). Because Plaintiff has not shown that the hostile environment was a result of gender discrimination, it is not necessary for the Court to determine whether the conduct was sever or pervasive. Nor is it necessary to determine whether the conduct was repeated and continuous.

Accordingly, after consideration of all of Plaintiff's allegations, the Court must conclude that as a matter of law Plaintiff has failed to demonstrate discrimination based on gender.

## C. Age Discrimination

■ In order to establish a prima facie case of discriminatory discharge in violation of the ADEA, Plaintiff must show that (1) at the time of discharge, he was at least 40 years of age; (2) that his job performance was satisfactory; (3) that he was, in fact,

discharged; and (4) that his discharge occurred under circumstances giving rise to an inference of discrimination on the basis of his age. *Grady v. Affiliated Cent. Inc.*, 130 F.3d 553, 559 (2d Cir.1997) (citing *Burger v. New York Institute of Technology*, 94 F.3d 830, 833 (2d Cir.1996); *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 83 (2d Cir.1990)). Once Plaintiff establishes his *prima facie* case, the burden of production shifts to Defendant. Defendant must then produce admissible evidence that would support a finding that Plaintiff was not discharged based on unlawful age discrimination. *Grady*, 130 F.3d at 559 (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)).

If Defendant meets the burden of producing an age-neutral reason for discharge, the presumption of discrimination raised by the *prima facie* case disappears. *Grady*, 130 F.3d at 559; *see also Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Fisher v. Vassar College*, 114 F.3d 1332, 1336 (2d Cir. 1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998). "Although the burden of production shifts from the defendant, the ultimate burden of persuading the trier of fact of the intentional discrimination remains at all times with the plaintiff." *St. Mary's*, 509 U.S. at 507, 113 S.Ct. 2742. Plaintiff, therefore, must present evidence sufficient to allow a rational trier of fact to infer that the Defendant's proffered reason is false and a mere pretext for age discrimination in order to overcome a motion for summary judgment. *St. Mary's*, 509 U.S. at 515, 113 S.Ct. 2742; *Viola v. Philips Medical Systems of North America*, 42 F.3d 712, 716 (2d Cir.1994).

■ Plaintiff presents the following *prima facie* case: (1) he was 40 years old at the time he was hired and 41 at the time of his discharge; (2) he alleges that his job performance was satisfactory under the circumstances; (3) he was, in fact, discharged; and (4) he alleges that his discharge occurred under circumstances giving rise to an inference of discrimination on the basis of his age because Mancuso called him "little boy" and "dumb man".

Defendant presents evidence that there was an "age-neutral" reason for Plaintiff's termination: poor work performance. (Sullivan Aff. ¶ 27). Because Defendant has presented an age-neutral reason for terminating Plaintiff, the presumption of discrimination raised by Plaintiff's *prima facie* case disappears. It is therefore Plaintiff's burden to present evidence that Defendant's proffered reason for termination is false and merely a pretext for age discrimination.

Plaintiff admits that Mancuso both hired and fired him. Additionally, Plaintiff claims that if the true reason for his termination was, as Defendant claims, poor work performance, the negative performance results should not have been tolerated by Defendant. Plaintiff further claims that although his immediate replacement was an older female, she was assisted by a younger female with less experience in insurance underwriting and marketing.

When a district court considers, on a motion for summary judgment, whether the evidence can support a verdict of discrimination

> no special rules affect the weight to be given to the *prima facie* case, the truthfulness or falsity of the employer's explanation, or any other piece of evidence. As in any other type of case, the judge must analyze the evidence, along with the inference that may be reasonably drawn from it, and decide if it raises a jury question as to whether the plaintiff was the victim of discrimination.

*Fisher*, 114 F.3d at 1347; *see also Scaria v. Rubin*, 117 F.3d 652, 654 (2d Cir.1997).

"Although each case must involve an examination of all circumstances, some factors strongly suggest that invidious discrimination was unlikely." *Grady*, 130 F.3d at 560 (citing *LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 847 (1st Cir.1993); *Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 174–75 (8th Cir.1992); *Proud v. Stone*, 945 F.2d 796, 797 (4th Cir.1991)). For example, when the person making the decision to hire an individual was the same person that made the decision to fire him, this suggests that discrimination was unlikely. *Id.* "This is especially so when the firing occurred only a

short time after the hiring." *Id.; see also Renz v. Grey Advertising, Inc.,* 135 F.3d 217 (2d Cir.1997).

Plaintiff admits that on or about August 6, 1992, Mancuso offered him the position of Regional Manager. He further admits that it was Mancuso's decision to discharge him a short time later.

■ Where Plaintiff fails to raise a triable issue of fact as to whether Defendant's proffered explanation is a mere pretext, summary judgment in favor of Defendant is appropriate. *Scaria,* 117 F.3d at 654; *Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 132 (2d Cir.1996) ("In order to survive a motion for summary judgment, plaintiff must put forth adequate evidence to support a rational finding that the legitimate nondiscriminatory reasons proffered by the employer were false, and that more likely than not the employee's sex or ... [age] was the real reason for the discharge."), *cert. denied,* —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997).

The record in this case lacks sufficient evidence from which a fact finder could infer that Merchants Insurance Group discriminated against Plaintiff on the basis of his age. There is nothing to suggest that Plaintiff was treated differently from younger Regional Managers or that he was fired because of his age.

### III. CONCLUSION

Defendant's motion for summary judgment is hereby **GRANTED** and Plaintiff's Second Amended Complaint is **DISMISSED** in its entirety. The clerk is **ORDERED** to close the file.

**IT IS SO ORDERED.**