10-2322-cv
Doru Tsaganea v. City University of New York, Baruch College

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand eleven.

PRESENT:
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
            Circuit Judges,
EDWARD R. KORMAN,
            District Judge.[*]

- - - - - - - - - - - - - - - - - - -x

DORU TSAGANEA,
        Plaintiff-Appellant,

            -v.-                            10-2322-cv

THE CITY UNIVERSITY OF NEW YORK,
BARUCH COLLEGE,
        Defendant-Appellee.

- - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        DORU TSAGANEA, pro se,
                                New York, New York.

FOR DEFENDANT-APPELLEE:         ANN P. ZYBERT, Assistant Solicitor
                                General, for Eric T. Schneiderman,
                                Attorney General of the State of
                                New York, New York, New York.

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Batts, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Doru Tsaganea appeals from the district court's judgment entered March 25, 2010, granting summary judgment to defendant-appellee City University of New York, Baruch College ("CUNY"), dismissing his claims for (1) national origin and religious discrimination, and (2) retaliation, all brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of summary judgment de novo. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.), cert. denied, 540 U.S. 823 (2003). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anemone v. Metro. Transp. Auth., 629 F.3d 97, 113 (2d Cir. 2011). In determining whether genuine issues of material fact

---

[1] Tsaganea's complaint also included a cause of action for age discrimination under the Age Discrimination and Employment Act (the "ADEA"). On appeal, however, Tsaganea does not argue that his age discrimination claim was improperly dismissed by the district court. Accordingly, we deem the ADEA claim abandoned. See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (claims raised below but not raised on appeal are abandoned, even as to pro se litigants).

-2-

exist, we must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

We have conducted an independent review of the record in light of these principles. We affirm the district court's grant of summary judgment dismissing Tsaganea's discrimination claims for substantially the reasons articulated by the district court. Specifically, Tsaganea did not present any concrete evidence to support the inference that CUNY's decision not to hire him for a full-time position was influenced by his national origin (Romanian) or his religion (Christianity).

To the contrary, the record shows, and a reasonable jury could only find, that Tsaganea was not selected for the full-time position because several other candidates were more qualified. Ninety-three applications were submitted for the position. After nineteen of the applicants (including Tsaganea) were discussed at the department meeting, five were selected for an interview. Tsaganea was not one of the five. As he conceded, he had fewer publications than each of the interviewed candidates, and his references were not as strong. Although Tsaganea argued that these factors should not have been dispositive, the court's role is not to second guess CUNY's judgment absent some evidence to raise an issue of fact as to a discriminatory motive. See Byrnie v. Town of Cromwell, Bd. of

Educ., 243 F.3d 93, 103 (2d Cir. 2001); Scaria v. Rubin, 117 F.3d 652, 654-55 (2d Cir. 1997).

We also affirm the district court's grant of summary judgment dismissing Tsaganea's retaliation claim. Tsaganea had held the substitute assistant professor position for the 2002-2003 school year while the department conducted its search for a full-time faculty member. When the candidate to whom CUNY eventually offered the full-time position declined the offer in or about May 2003, the department needed another one-year substitute for the 2003-2004 school year while it searched for another full-time candidate. Tsaganea applied for the substitute assistant professor position for the 2003-2004 school year on May 12, 2003, shortly after he filed a complaint with the State Division of Human Rights ("SDHR") on April 8, 2003.[2] A week later, Tsaganea wrote a second letter to CUNY essentially threatening to sue for retaliation if he were not hired. Tsaganea was not hired, and the position was offered to someone else. Tsaganea contends that this decision was retaliation for filing his SDHR complaint.

At the summary judgment stage in a retaliation case, the ultimate question is whether the plaintiff has presented sufficient evidence to permit a reasonable jury to infer that retaliation played a part in the defendant's adverse employment decision. Padilla v. Metro-North Commuter R.R., 92 F.3d 117, 122

---

[2] The April 8 complaint alleged discrimination based on age and national origin. It was amended on April 22, 2003 to include religion.

(2d Cir. 1996); see James v. New York Racing Ass'n, 233 F.3d 149, 155-56 (2d Cir. 2000).  A plaintiff must "point to evidence sufficient to permit an inference . . . that retaliation was a 'substantial reason for the adverse employment action.'"  Kaytor v. Elec. Boat Corp., 609 F.3d 537, 553 (2d Cir. 2011) (quoting Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005) (emphasis added); see Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996) (plaintiff "obliged to produce not simply some evidence, but sufficient evidence" that employer's proffered reasons are false) (internal quotation marks omitted).  "[I]t is not enough . . . to disbelieve the employer; the factfinder must believe the plaintiff's explanation of [retaliation]."  James, 233 F.3d at 156 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000)).

We hold, on the record before us, that no reasonable jury could conclude that CUNY's motive for not hiring Tsaganea for the 2003-2004 substitute assistant professor position was retaliatory.  First, Tsaganea's earlier appointment as a substitute assistant professor in 2002 was only for one year, and he had no right or entitlement to the substitute assistant professor position for 2003-2004.  Moreover, it is undisputed that Thomas Halper, the department chair, told Tsaganea well before his SDHR complaint that he did not "have any chance of success in the academy," and should "look for a job elsewhere." (Tsaganea Dep. 49-50.)  Tsaganea did not point to any evidence in the record that Halper's views were motivated by retaliation.

Second, CUNY offered legitimate, non-retaliatory reasons for not hiring Tsaganea for the 2003-2004 position, and Tsaganea failed to put forth sufficient evidence that those reasons were pretextual. CUNY asserted that it did not rehire Tsaganea because students had informed Halper that Tsaganea was using class time to encourage students to support his application for the full-time position. CUNY also maintained that Tsaganea's grading standards were too low. Out of 150 students, he had given 93 A's and 39 A-minuses.

Tsaganea did not deny that he used class time to request that the students lobby on his behalf. He only argued that any such time was minimal. While reasonable minds might differ as to the appropriateness of this behavior, there is nothing in the record to indicate that CUNY's "value judgment" was a pretext for retaliation. See Scaria, 117 F.3d at 654-55.

As for CUNY's assertion that his grading standards were too low, Tsaganea argued that it was a pretext because he had been grading the same way for years and Halper had never before confronted him about it. In view of the extent of grade inflation -- 132 of 150 students received an A or A-minus -- no reasonable jury could find that this proffered reason was pretextual. Moreover, Tsaganea acknowledged that he might have given the students high grades "to thank [them] for what they did for [him]." (Pl.'s Br. 31). In other words, Tsaganea conceded that he might have given his students high grades to thank them for lobbying for him.

Third, while the temporal proximity of Tsaganea's SDHR filing and CUNY's decision not to offer him the 2003-2004

-6-

position arguably created an inference of retaliation for the purpose of establishing a prima facie case, "without more, such temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext."  El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010) (per curiam).

Looking at the record as a whole, we conclude that Tsaganea did not meet his burden of putting forth "sufficient evidence" that CUNY's decision not to hire him as a substitute assistant professor for the 2003–2004 school year was motivated by retaliation.  Van Zant, 80 F.3d at 714.  Indeed, no reasonable jury could have found that retaliation was a "substantial reason" for the adverse action.  See Kaytor, 609 F.3d at 553; James, 233 F.3d at 156.

We have considered appellant's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED** in its entirety.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK