George K. SCARIA, Plaintiff–Appellant,

v.

Robert E. RUBIN, Secretary of the Treasury, Defendant–Appellee.

No. 1072, Docket 96–6211.

United States Court of Appeals, Second Circuit.

Argued March 12, 1997.

Decided June 13, 1997.

George K. Scaria, Wayne, NJ, pro se.

Lisa A. Jonas, Assistant United States Attorney, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Steven M. Haber, Assistant United States Attorney, of counsel), for Defendant–Appellee.

Before: JACOBS, LEVAL and CABRANES, Circuit Judges.

PER CURIAM:

Plaintiff George K. Scaria appeals *pro se* from a judgment entered in the United States District Court for the Southern District of New York (Peck, *M.J.*) granting summary judgment dismissing his claims of discrimination based on sex, national origin, and age, asserted against defendant Robert E. Rubin under 42 U.S.C. § 2000e *et seq.* ("Title VII") and 29 U.S.C. § 621 *et seq.* ("ADEA").

Scaria is a naturalized immigrant from India. On March 10, 1992, he submitted an application for the position of Management Analyst in the Internal Revenue Service ("IRS"), Office of the Regional Inspector for the North Atlantic Region (the "Regional Inspector's Office"). An evaluation panel was assigned to review the candidates' applications in order to recommend the best qualified candidates to the Regional Inspector for final award. In evaluating the applicants, the panel ranked each individual according to the candidate's knowledge, skills, and ability ("KSA scores") with respect to each of four specific criteria, considered in conjunction with the job description.[1] On July 24, 1992, the position was awarded to Erlinda Foye, who had received the highest KSA score from the panel.

Scaria filed a complaint with the Equal Opportunity Office of the IRS, and received a right to sue letter in 1993. He then filed a *pro se* complaint in the United States District Court for the District of New Jersey, and, after the case was transferred to the Southern District of New York, filed an amended complaint in February 1995. Upon the completion of discovery in January 1996, defendant moved for summary judgment pursuant to Fed.R.Civ.P. 56. By Opinion and Order dated July 10, 1996, the district court granted defendant's motion, finding that although Scaria made out a prima facie case of discrimination, the reason presented by defendant for the employment decision (i) was nondiscriminatory and (ii) was not shown to be a pretext for unlawful discrimination. Final judgment was entered against Scaria on July 16, 1996.

On appeal, Scaria contends that the district court erred in granting summary judgment because he alleged specific facts from which a reasonable jury could infer that the nondiscriminatory reason articulated by defendant for the employment decision was a pretext for unlawful discrimination.

On review of a grant of summary judgment, we determine *de novo* whether there is a genuine issue as to any material fact, and if the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The materiality of the facts is determined by the substantive law governing the claim. *Id.* at 248, 106 S.Ct. at 2510.

We analyze Title VII and ADEA claims under the same framework. *Woroski v. Nashua Corp.,* 31 F.3d 105, 108 (2d Cir.1994). A plaintiff in such actions must first establish, by a preponderance of the evidence, a "prima facie" case by showing "membership in a protected class, qualification for the position, an adverse employment action, and the ultimate filling of the position by a person not of the protected class." *Fisher v. Vassar College,* 114 F.3d 1332, 1335 (2d Cir.1997) (in

---

1. The four criteria were: (1) knowledge of fiscal, facilities, and personnel procedures; (2) ability to communicate effectively (orally and in writing); (3) ability to plan, organize, and prioritize; and (4) ability to research, analyze, and apply data. The position description stated that the position requires knowledge in several areas, including knowledge of the Regional Inspector's Office—in particular, its administrative programs and activities, work methods, and operating requirements.

banc). The burden of establishing a prima facie case is not onerous, and has been frequently described as minimal. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981); *Fisher,* 114 F.3d at 1335. On this appeal, defendant does not contest that Scaria satisfied the minimal requirements of a prima facie case.

"Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee." *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094. But "the prima facie case raises an inference of discrimination *only* because we presume these acts, if *otherwise unexplained,* are more likely than not based on the consideration of impermissible factors." *Id.* (emphasis added; citation and internal quotations omitted); *see also Fisher,* 114 F.3d at 1341–42. Thus, once a Title VII or ADEA plaintiff has made out a prima facie case, the burden shifts to the employer to offer a "legitimate, nondiscriminatory reason" for its employment decision. *See St. Mary's,* 509 U.S. at 507, 113 S.Ct. at 2747. Although the burden of production shifts to the defendant, the ultimate burden of persuading the trier of fact of intentional discrimination remains at all times with the plaintiff. *See id.*

If the defendant articulates a non-discriminatory reason, "the presumption raised by the prima facie case is rebutted ... and drops from the case." *Id.* (quoting *Burdine*). "In particular, the presumption of discrimination that was raised upon a showing of the prima facie case no longer operates." *Fisher,* 114 F.3d at 1336 (citations omitted). Plaintiff must then show that the proffered reason was pretextual and that, more likely than not, the true reason was the illegal discrimination that the plaintiff alleged. *See Viola v. Philips Med. Sys. of North America,* 42 F.3d 712, 716 (2d Cir. 1994). When a district court then considers on a motion for summary judgment whether the evidence can support a verdict of discrimination,

no special rules affect the weight to be given to the prima facie case, the truthfulness or falsity of the employer's explanation, or any other piece of evidence. As in any other type of case, the judge must analyze the evidence, along with the inferences that may be reasonably drawn from it, and decide if it raises a jury question as to whether the plaintiff was the victim of discrimination.

*Fisher,* 114 F.3d at 1347.

If plaintiff fails to raise a triable issue of fact as to whether the defendant's offered explanation is pretextual, summary judgment in favor of defendant is appropriate. *See Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 132 (2d Cir.1996) ("In order to survive a motion for summary judgment, plaintiff must put forth adequate evidence to support a rational finding that the legitimate non-discriminatory reasons proffered by the employer were false, and that more likely than not the employee's sex or race was the real reason for the discharge."), *cert. denied,* — U.S. ——, 117 S.Ct. 1819, — L.Ed.2d — (1997); *de la Cruz v. New York City Human Resources Admin. Dep't of Soc. Servs.,* 82 F.3d 16, 20–22 (2d Cir.1996), *petition for cert. filed,* (U.S. July 10, 1996) (No. 96–5214); *Woroski,* 31 F.3d at 110.

Here, the asserted nondiscriminatory reason for hiring Foye rather than Scaria was Foye's superior qualifications for the job. Scaria has shown that he had more years of schooling than Foye. At the same time, it is undisputed that Foye had superior knowledge of IRS internal procedures, having worked at the IRS for seven years prior to being awarded the position (as compared to Scaria, who worked as a clerk-typist at the IRS for nine months prior to applying for the position). Furthermore, Foye had been a Supervisory Management Assistant, in which she was exposed to many of the areas of expertise required for the new position. She supervised a staff, reviewed monthly budget reports, prepared regional personnel reports, and became familiar with the fiscal, facilities, and personnel procedures of the IRS. As between experience and education, the IRS elected to value the first over the second in filling the job, and there is nothing to show

that this value judgment was pretextual. *See Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir.1986) ("This Court does not sit as a super-personnel department that reexamines an entity's business decisions.") More broadly, there is nothing in the facts from which a reasonable finder of fact could imply pretext masking unlawful discrimination in the selection of Foye over Scaria. *See Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988).

Accordingly, the district court acted appropriately in granting summary judgment in favor of defendant. We have considered all of Scaria's remaining contentions, and have found them all to be without merit. The judgment of the district court is affirmed.