KRUZEL, et al., Plaintiffs–Appellants,

v.

COUNTY OF SUFFOLK, et al., Defendants–Appellees.

Docket No. 01–7629.

United States Court of Appeals, Second Circuit.

Jan. 16, 2002.

Craig Kruzel, pro se, Southampton, NY, for Plaintiffs–Appellants.

Anita Nissan Yehuda, Roslyn Heights, NY, Michael T. Clifford & Associates, Riverhead, NY, for Defendants–Appellees.

Present: NEWMAN, KATZMANN, Circuit Judges, GLEESON,[1] District Court Judge.

The plaintiffs appeal from the district court's order granting the defendants' motion for summary judgment. The plaintiffs brought claims under 42 U.S.C.

---

1. The Honorable John Gleeson, Judge of the Eastern District of New York, sitting by designation.

§ 1983 and state law alleging that their rights were violated when contents of Craig Kruzel's sealed arrest record was released to a family court in Florida. The plaintiffs alleged that this led to the initial denial of Kruzel's application for custody of his daughter. The plaintiffs named not only the individual employees who released the records as defendants but also the county and supervisory officials on the theory that their inadequate training of the employees lead to the violation of the plaintiffs' constitutional rights.

This Court reviews *de novo* whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *See Scaria v. Rubin,* 117 F.3d 652, 653 (2d Cir. 1997). The Court is required to resolve all ambiguities and draw all factual inferences in favor of the nonmoving party. *See Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 202 (2d Cir.1995). The burden of showing that no genuine factual dispute exists rests on the movant. *Id.* However, the "non-moving party may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence showing that its version of the events is not wholly fanciful." *See D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir.1998).

The district court properly dismissed the claims against the county and supervisory officials because there was no evidence of inadequate training other than a single mistake by an employee. *See Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993). Furthermore, the claims against the individual employees were properly dismissed because the plaintiffs only produced evidence describing behavior that at most would be negligent. *See County of Sacramento v. Lewis,* 523 U.S. 833, 848, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.").

We have considered all of the defendant's contentions that are properly before us and have found that they are without merit. The judgment of the district court is therefore AFFIRMED.