Frances NEWSOM–LANG,
Plaintiff–Appellant,

v.

WARREN INTERNATIONAL, INC.,
Defendant–Appellee.

No. 03–7372.

United States Court of Appeals,
Second Circuit.

Nov. 4, 2003.

---

Leonard Buddington, Jr., Law Office of Leonard Buddington, Jr., Yonkers, New York, for Appellant.

Marshall Beil, McGuire Woods LLP (Rodney A. Satterwhite, Ruth L. Goodboe, on the brief), New York, New York, for Appellee.

PRESENT: FEINBERG, KEARSE and RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Frances Newsom–Lang appeals from an award of summary judgment in favor of her former employer, Defendant–Appellee Warren International, Inc. ("WI"), on her claim of age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 (2000) *et seq.* Specifically, Ms. Newsom–Lang asserts that the district court erred in ruling that there were no genuine issues of material fact with respect to her claims that WI's failure to promote her to the position of Director of Research and its ultimate decision to terminate her were impermissibly motivated by the fact that she was then 49–years old.[1]

We review the district court's grant of summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party. *See Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 763 (2d Cir. 2002). ADEA claims are analyzed using the familiar three-step framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Slattery v. Swiss Reinsurance America Corp.,* 248 F.3d 87, 91 (2d Cir.2001). Under this analytic scheme, even if we, like the district court, were to assume that Ms. Newsom–Lang has carried the "not heavy" burden of establishing a *prima facie* case with respect to both her promotion and termination claims, *Carlton v. Mystic Transportation, Inc.,* 202 F.3d 129, 134 (2d Cir.2000), that, by itself, would not suffice to defeat summary judgment in this case. Because WI

---

1. Because Ms. Newsom–Lang has not challenged on appeal the district court's award of summary judgment on her claim of discrimi-natory job assignments in the summer of 1999, we do not here address it.

has satisfied its burden to proffer non-discriminatory reasons for the challenged employment actions, the presumption of discriminatory motivation triggered by the *prima facie* case is effectively rebutted, *Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir.2000), and plaintiff must come forward with sufficient admissible evidence to permit a reasonable juror to find in her favor on the essential element of discriminatory motivation, *id.* at 91.

### 1. *Promotion Claim*

■ With respect to Warren International's failure to promote her to Director of Research in October 1999, Ms. Newsom–Lang attempts to establish a material issue of fact regarding WI's discriminatory motivation by conclusorily denying evidence proffered by her employer about (1) the unwillingness of certain colleagues to work with Ms. Newsom–Lang, (2) the degree of disruption she caused in the workplace, and (3) the superior qualifications of Denise Rubino, the 33–year old fellow Researcher who actually received the challenged promotion.

As to the last, although Ms. Newsom–Lang insists that her work experience surpassed that of Ms. Rubino, she does not—and cannot—deny that her younger colleague had a longer work history with WI than did Ms. Newsom–Lang and held a graduate degree, which plaintiff did not. The law is well-established that federal courts hearing discrimination claims do not "sit as a super-personnel department" to reexamine a firm's business decisions about how to evaluate the relative merits of education and experience in filling job positions. *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir.1997) (per curiam) (internal quotation marks omitted). Under such circumstances, at the third stage of *McDonnell Douglas* analysis, more than an age gap between the promoted and rejected employee is required to raise a triable issue of fact regarding discriminatory motivation. *See generally Stern v. Trustees of Columbia University*, 131 F.3d 305, 310 (2d Cir.1997).

In any event, the difference in qualifications between Ms. Rubino and Ms. Newsom–Lang went beyond education and experience. Notably, Ms. Rubino had never been the subject of employee discipline. By contrast, Ms. Newsom–Lang's perceived unprofessional conduct toward her supervisor—the then-Acting Director of Research—on September 17, 1999, only a few weeks before a permanent successor was selected, resulted in a formal reprimand. Because this incident is the crux of WI's proffered reason for denying Ms. Newsom–Lang promotion, we focus on it and do not address disputed claims of other disruptive conduct or poor work relations.

Ms. Newsom–Lang does not dispute that she had a disagreement with her supervisor on September 17, 1999, or that she was reprimanded as a consequence. Neither does she assert that this reprimand was discriminatorily motivated. Thus, it hardly qualifies as a pretextual reason for denying promotion that masks age discrimination. Further, Ms. Newsom–Lang offers no other evidence, such as age-hostile remarks by persons involved in the promotion decision, *see, e.g., Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d at 92–93, that might otherwise indicate that WI's choice of Ms. Rubino over the plaintiff was discriminatorily motivated.

On this record, summary judgment was appropriately entered in favor of WI on the promotion claim.

### 2. *Termination*

■ As its non-discriminatory reason for terminating Ms. Newsom–Lang, WI

points to her subsequent unprofessional behavior on December 15, 1999, which immediately followed review of a written performance evaluation that, while generally favorable, criticized Ms. Newsom–Lang's past disruptive and discourteous conduct and warned that "any further behavior such as this will result in your dismissal." Once again, Ms. Newsom–Lang disputes the degree to which her past conduct can fairly be described as disruptive, but she does not deny the unprofessional actions ascribed to her on December 15. Instead, she explains those actions as the product of a panic attack. This explanation, however, at most suggests that WI's decision to carry out its written termination warning may have been severe; it does not indicate that the decision was a pretext for age discrimination.

Indeed, the undisputed evidence showed that WI similarly terminated a 28–year old employee the previous year for unprofessional conduct.

In sum, because Ms. Newsom–Lang failed to adduce evidence sufficient to raise a triable issue of fact on her claim of age discrimination in termination, summary judgment was properly entered in favor of WI.

For the reasons stated, the district court's March 11, 2003 judgment is hereby AFFIRMED.