**Margie BLOOME, Plaintiff–Appellant,**

v.

**DEPARTMENT OF the TREASURY, United States Custom Service, United States of America, Robert E. Rubin, Defendants–Appellees.**

No. 02–6293(L), 02–6296(CON).

United States Court of Appeals, Second Circuit.

Nov. 24, 2003.

Margie Bloome, Copiague, NY, for Appellant, pro se.

Michael J. Goldberger, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and Deborah B. Zwany, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellees.

PRESENT: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

**SUMMARY ORDER**

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 24th day of November, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Margie Bloome appeals the October 30, 2002 judgment of the district court granting summary judgment to defendants-appellees United States Department of Treasury, United States Customs Service, and the United States of America, (collectively, "appellees") and dismissing Bloome's complaints alleging that (1) she was denied a promotion to the vacant position of import specialist on the basis of age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (the "ADEA"), and (2) she was denied a promotion to the vacant position of entry specialist on the basis of her age, race, and national origin, in violation of the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended.

On appeal, Bloome argues primarily that the district court disregarded evidence that appellees systematically filled vacant positions with younger employees or else required older employees to take a reduction in grade in order to obtain a promotion. She further argues that the district court disregarded evidence that appellees were not following the appropriate procedures required by their hiring programs. Finally, Bloome contends that

the district court ignored evidence that appellees filled additional import specialist positions without contacting Bloome.

Having reviewed the record, we find no errors in the district court's grant of summary judgment in favor of appellees. Bloome failed to establish a *prima facie* case with respect to both her claim of age discrimination in connection with appellees' failure to promote her to import specialist and her claim of race discrimination in connection with appellees' failure to promote her to entry specialist. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–54, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Scaria v. Rubin,* 117 F.3d 652, 653 (2d Cir.1997). In addition, Bloome's claims of discrimination on the basis of age and national origin in connection with the entry specialist position fail because the appellees set forth a legitimate, non-discriminatory reason for not selecting Bloome and Bloome failed to come forth with any evidence to suggest that appellees' stated reason was but a pretext for discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Scaria,* 117 F.3d at 654.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**