16-2477-cv
*Shah v. MTA New York City Transit, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

---

JAYENDRA SHAH,

> *Plaintiff-Appellant,*

> v.                                                                              16-2477-cv

MTA NEW YORK CITY TRANSIT, AN AGENCY OF THE METROPOLITAN TRANSPORTATION AUTHORITY, STATE OF NEW YORK, JOHN DOES, 1-10, JANE DOES, 1-10,

> *Defendants-Appellees,*

METROPOLITAN TRANSIT AUTHORITY, STATE OF NEW YORK,

> *Defendant.*

---

For Appellant:                                         AMISH R. DOSHI, Esq., Magnozzi & Kye, LLP, Huntington, NY.

For Appellees: STEVE S. EFRON, Esq., Law Office of Steve S. Efron, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.* and Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jayendra Shah, an Asian man of Indian national origin, appeals from the decision of the district court granting Defendant-Appellee the MTA New York City Transit (the "Authority") summary judgment on all but two of Shah's discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-2(a)(1). This Court reviews grants of summary judgment *de novo. McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In order to establish a *prima facie* case of discrimination under Title VII, a plaintiff must demonstrate, by a preponderance of the evidence, the following four elements: "(1) that plaintiff falls within the protected group, (2) that plaintiff applied for a position for which he was qualified, (3) that plaintiff was subject to an adverse employment decision and (4) that the adverse employment decision was made under circumstances giving rise to an inference of unlawful discrimination." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "Once a *prima facie* case has been established, the burden of production shifts to the employer who must defeat a rebuttable presumption of discrimination by articulating a legitimate, non-discriminatory reason for the employment decision." *Id.* at 102. "If the defendant carries that burden, the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the

2

defendant were not its true reasons, but were a pretext for discrimination." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks omitted).

The plaintiff bears the "ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff." *Byrnie*, 243 F.3d at 102 (quotation marks omitted). A motion for summary judgment may be defeated when "a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). "When a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the employer's explanation was pretextual, but that the pretext served to mask unlawful discrimination." *Byrnie*, 243 F.3d at 103. In essence, "the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id.* (quotation marks omitted).

## I.

Shah first argues that his qualifications were "so superior" to those of certain candidates selected for the 2007 LGM position, the 2010 ACMO position, and the Vice President, Chief Mechanical Officer vacancy that the district court should have denied summary judgment with respect to those positions. Shah asserts that he was either better educated or more experienced than some of those candidates selected over him. For example, while Shah holds a B.S. and master's degree, Lambert, Ragusa, Guerra, and Doherty do not hold any college degrees, and while Shah has 25 years of managerial experience, Lombardi, Brusati, Cespedes, Lambert, and Ragusa—although all qualified for the various positions—had less overall managerial and supervisory experience. The Authority, nevertheless, need not demonstrate that the selected candidates were more qualified than

3

Shah but rather that they were "equally qualified." *See Tex. Dep't of Cmty, Affs. v. Burdine*, 450 U.S. 248, 259 (1981) ("[T]he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria."). Moreover, the job vacancy listings invited candidates who met certain educational and experience requirements *or* demonstrated a "satisfactory equivalent of experience or education," App'x at 492, and the Authority is permitted to value certain job qualifications over others. *Cf. Scaria v. Rubin*, 117 F.3d 652, 654–55 (2d Cir. 1997) (per curiam) ("As between experience and education, the IRS elected to value the first over the second in filling the job, and there is nothing to show that this value judgment was pretextual."). The district court properly concluded that Shah had not shown that his credentials were so superior to those of the successful candidates that no reasonable person could have chosen the selected candidate over him for the job in question.

**II.**

Next, Shah claims that, even if his job qualifications were not so superior to those of the candidates selected so as to imply unlawful discrimination, genuine issues of material fact remain as to whether the Authority's justifications were pretextual. Concerning the 2007 LGM position, the thrust of Shah's argument is that his superior credentials, coupled with the fact that the Authority's reasons for not selecting him are contradicted by his "exemplary" performance reviews, create a genuine issue of material fact as to whether the Authority's justification was pretextual. Even if the Authority's justification for not hiring Shah based on his alleged history with the union was contrived, however, that alone does not imply pretext masking unlawful discrimination. *See id.* at 655 ("[T]here is nothing in the facts from which a reasonable finder of fact could imply pretext masking unlawful discrimination in the selection of Foye over Scaria."). Indeed, the record also independently demonstrates that the successful candidates were selected over Shah for the various positions because of their relevant experience.

4

Shah likewise asserts that the Authority's selection of McKernan over him for the 2008 ACMO position was pretext for discrimination because Shah was equally qualified for the position. He claims that "[t]here is no difference in the operations of the Maintenance shops in the North Division and the South Division" and that the Authority's justification for hiring McKernan based on his experience in both the North and South divisions is not legitimate. Appellant's Br. at 38. The record discloses, though, that the differences in the North and South Divisions were but one factor in Sowa's decision to hire McKernan. Sowa stressed that Shah had not handled as many large projects as McKernan and had not worked in as many locations. Sowa also noted that McKernan had an effective management style in that "he got along with various vendors, people, he was good with the union with various situations . . . [and] didn't buckle under pressure." App'x at 477. The claim that the Authority's justification for hiring McKernan because he worked in both the North and South Divisions whereas Shah's experience was limited to the South—whether unsupported or not—simply does not suggest preteyaxt for discrimination, especially considering the other factors the Authority took into account in making its decision. Because the Authority need not show that McKernan had superior qualifications or that he was the wisest choice, but only that the reasons for the decision were nondiscriminatory, *see Davis v. State Univ. of N.Y.*, 802 F.2d 638, 641 (2d Cir. 1986), as it has done here, Shah's claim lacks merit.

Shah also claims that the selection of Saleh, Doherty, and Guerra over him for the 2010 ACMO position because he supposedly "did not have the overall experience" was also pretextual, since he was either better educated or more experienced. Shah asserts that the Authority's reliance on Saleh's education in justifying selecting him over Shah is inconsistent with its earlier decision not to select Shah for the 2007 LGM position in which he (Shah) was better educated than the successful candidates. He also claims the justifications for selecting Guerra and Doherty were pretextual because Shah had more relevant experience and multiple degrees. In so arguing, Shah

5

attempts to create a genuine issue of material fact where there is none. The undisputed evidence shows that the three successful candidates were selected because of their relevant experience. The Authority acted well within its discretion in selecting these candidates, and Shah has not put forth sufficient evidence from which a reasonable juror might infer unlawful discrimination.

Finally, Shah contends that the selection of Wetherall for the position of Vice President, Chief Mechanical Officer because he was "more qualified" than Shah was pretext for discrimination because Wetherall did not meet any of the position requirements. While Wetherall may have had less experience at the Authority than Shah, he nevertheless had extensive experience at the Long Island Rail Road and experience as a high-level executive at a private engineering consulting firm. He had also worked at the Authority in the capacity of ACMO since 2011 and held a degree in engineering and a master's in civil engineering. That background undoubtedly met the position requirements. Shah has failed to demonstrate that the Authority's reasons for selecting Wetherall were pretext masking discrimination.

We have considered all of Shah's remaining arguments on appeal and determine that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk