16-3597-cv
Holcomb v. State Univ. of N.Y. at Fredonia, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of October, two thousand seventeen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

_____

PAULA HOLCOMB,

                  *Plaintiff-Appellant*,

             v.                                         16-3597-cv

STATE UNIVERSITY OF NEW YORK AT FREDONIA,
KARL BOELTER, DENNIS HEFNER, BARRY KILPATRICK,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     ANNE L. CLARK, Vladeck, Raskin & Clark, P.C. (Jeremiah Iadevaia, *on the brief*) New York, NY.

Appearing for Appellees:     JOSEPH M. SPADOLA, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the United States District Court for the Western District of New York (Vilardo, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Paula Holcomb appeals the September 29, 2016 Decision and Order of the United States District Court for the Western District of New York (Vilardo, *J.*) granting summary judgment to Defendants-Appellees State University of New York at Fredonia ("SUNY Fredonia"), Karl Boelter, Dennis Hefner, and Barry Kilpatrick (collectively, "Defendants") on Holcomb's claims for violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681 *et seq.* ("Title IX"), Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"), and the New York State Human Rights Law ("NYSHRL"), on the basis of retaliation and declining to exercise supplemental jurisdiction over Holcomb's retaliation claim under New York Labor Law §§ 201-d and 215. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment *de novo*." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135 (2d Cir. 2013) (internal quotation marks omitted). Title VII, Section 1983, and NYSHRL claims for retaliation are all "analyzed pursuant to Title VII principles." *Hicks v. Baines*, 593 F.3d 159, 162, 164 (2d Cir. 2010). Similarly, "Title VII and Title IX are governed by the same substantive standards for reviewing claims of . . . retaliation." *Summa v. Hofstra Univ.*, 708 F.3d 115, 131 (2d Cir. 2013). Retaliation claims under Title VII, as well as under Title IX, Section 1983, and the NYSHRL, are evaluated under the three-step burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *See Hicks*, 593 F.3d at 164 (Title VII, Section 1983, and NYSHRL claims); *see also Papelino v. Albany Coll. of Pharmacy of Union Univ.*, 633 F.3d 81, 91-92 (2d Cir. 2011) (Title IX claims). We need not decide today whether the "but-for" standard of causation applies to all of Holcomb's retaliation claims because each fails under both the "but-for" causation standard and the "substantial or motivating factor" causation standard.

We agree with the district court that Holcomb has failed to meet her burden to show that a reasonable juror could conclude that her sexual harassment complaint was either the but-for cause of or a substantial motivating factor in the adverse employment actions taken against her. With respect to the initial set of sanctions imposed on Holcomb and David Rudge, Holcomb can point to no material distinction between the sanctions imposed on her versus the sanctions imposed on Rudge that would suggest that her sexual harassment complaint against Boelter was even a minor factor in the decision to sanction her. Indeed, the sanctions are practically identical, and the email sent to the rest of the faculty setting forth the changes for the 2011-2012 school year draws no distinction between the two. Instead, the evidence in the record supports Defendants' position that Holcomb and Rudge were equally sanctioned in response to their unanticipated, unprecedented, and inflammatory email regarding the Concerto Competition.

Similarly, Holcomb has failed to meet her burden to show that a reasonable juror could conclude that the legitimate, non-retaliatory reason given by Defendants for Holcomb not having been reinstated to her prior position is pretextual. Holcomb has offered no evidence to support her claim that SUNY Fredonia refused to engage in a reconciliatory process with her. The bare

2

assertion in her declaration that "no administrators" gave her the "opportunity to engage in a dialogue" conspicuously excludes counsel for SUNY. Defendants have provided an affidavit from SUNY's Associate Counsel averring that Defendants were willing to engage in either EEOC mediation or mediation during district court proceedings with Holcomb but that Holcomb did not successfully avail herself of these processes. *See* Fed. R. Evid. 408 ("The court may admit [] evidence [of a compromise offer or negotiation] for another purpose" that is not "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction"). Holcomb also places great weight on various statements by and emails from Boelter and others, none of which, either collectively or in isolation, suffice to satisfy Holcomb's burden to show that Defendants' explanation for her non-reinstatement is pretextual given the vast amount of evidence that shows that Holcomb, in contrast to Rudge, refused to take steps to ameliorate the situation between herself, her colleagues, and the SUNY Fredonia administration following the Concerto Competition debacle.

At the end of the day, we refuse to "'sit as a super-personnel department that reexamines an entity's business decisions.'" *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (quoting *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997)). Whether Holcomb (and, by extension, Rudge) should or should not have been suspended for their inflammatory email regarding the Concerto Competition is not the question before us. Nor is the question of whether Holcomb should have been reinstated at some point between Fall 2011 and today, notwithstanding her lack of willingness to address the negative consequences of her actions. Instead, the question with which we are faced is whether Holcomb has met her burden to show that she was suspended and not reinstated because she was being retaliated against for her sexual harassment allegation against Boelter. This Holcomb has failed to do because she has failed to provide us with any evidence suggesting that her sexual harassment complaint was a motivating factor in the decisions to suspend and to not reinstate her, much less the but-for cause of those decisions.

We have considered the remainder of Holcomb's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk