17-2366-cv
*Tillery v. New York State Office of Alcoholism & Substance Abuse Servs.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand eighteen.

Present:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

MICHELE TILLERY,

> *Plaintiff-Appellant*,

> v.                                                          17-2366-cv

NEW YORK STATE OFFICE OF ALCOHOLISM AND SUBSTANCE ABUSE SERVICES,

> *Defendant-Appellee*,

LAURIE FELTER, sued in her individual capacity, STEPHEN MANTOR, sued in his individual capacity, MICHAEL A. LAWLER, sued in his individual capacity,

> *Defendants*.

---

For Plaintiff-Appellant:                    MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, NY.

For Defendant-Appellee:                    RAYMOND L. VANDENBERG, Michelman & Robinson LLP, New York, NY.

Appeal from a July 5, 2017 judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Michele Tillery appeals from a July 5, 2017 judgment of the United States District Court for the Northern District of New York (Kahn, *J.*). Tillery sued Defendant-Appellee New York State Office of Alcoholism and Substance Abuse Services ("the Office") and Defendants Laurie Felter, Stephen Mantor, and Michael A. Lawler on January 2, 2013, alleging disparate treatment, retaliation, and hostile work environment in violation of Title VII. Tillery was hired in 2005 by the Office's Facilities Evaluation and Inspection Unit ("the Unit"). As relevant here, she claims to have been discriminated against on four separate occasions:

- she was not hired for a position in the Office's more prestigious (and all white) Capital Bureau in 2011 because she is African-American;

- she was not allowed to transfer from the Unit's Albany office to its New York City office in 2012 because of her race;

- Felter added negative comments to Tillery's performance review and requested that an inspector general investigate her travel reimbursement requests in 2011 in retaliation for Tillery conferring with a colleague about his discrimination complaint and reporting to the Office that she believed she had been subject to racial discrimination; and

- she was subjected to a hostile work environment because of her race in 2014.

The district court granted summary judgment to the Office, and this appeal followed. We review *de novo* a district court's grant of summary judgment. *See, e.g., Jackson v. Fed. Exp.*, 766 F.3d 189, 193 (2d Cir. 2014). Summary judgment should be granted only if no reasonable jury could return a verdict for the non-moving party, and only if there is no genuine dispute as to any material

2

fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### 1. Disparate treatment

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). We analyze such claims "under the burden-shifting rules of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973)." *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011). Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first make out a *prima facie* case that: "(1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." *Id.* (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 (2d Cir. 2009)). If the plaintiff meets this burden, the defendant must then provide "a legitimate, non-retaliatory reason for the adverse employment action." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005). Finally, the plaintiff must present "admissible evidence . . . that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)). We conclude that Tillery (1) failed to make a sufficient *prima facie* showing that she was not hired for the Capital Bureau in 2011 because of her race, and (2) failed to rebut the Office's legitimate, non-discriminatory reason for denying her request to transfer to the New York City office in 2012.

There is no evidence in the record that Tillery was qualified for the 2011 position. The job listing for this position specified that interested applicants should hold one of several advanced civil service job positions, none of which Tillery held. Tillery insists that this requirement was "not mandatory," Pl.-Appellant Br. 40, but she presents no evidence to support this claim: the job posting listed this prerequisite under the heading "SKILLS REQUIRED." Joint App. 528; *see also Aulicino*, 580 F.3d at 81 (assessing whether a plaintiff was qualified for a position by examining "[t]he necessary qualifications, as reflected in the job posting"). Because she failed to show that she was qualified for the position, she failed to meet her initial burden under *McDonnell Douglas*.

Assuming *arguendo* that Tillery made a *prima facie* showing that the denial of her 2012 request to transfer to the New York City office was a cognizable Title VII violation, the Office offered a legitimate, non-retaliatory reason for denying her request. The Office produced evidence showing that it hired Nicholas Protopsaltis for the open position in New York City instead of Tillery. Protopsaltis had a Bachelor of Engineering in Chemical Engineering and a Master's Degree in Environmental Engineering, he had served as an engineer on the Interstate Environmental Commission, and Felter attested that she hired him because she thought it would be useful to have an environmental engineer on staff in the New York City office. *See Scaria v. Rubin*, 117 F.3d 652, 654–55 (2d Cir. 1997) (holding that choosing an applicant over another based on his experience is a legitimate, non-discriminatory business decision). Tillery has not made any showing that there were any "weaknesses, implausibilities, inconsistencies, or contradictions" in this explanation. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 846 (2d Cir. 2013). She has therefore "fail[ed] to raise a triable issue of fact as to whether the defendant's offered explanation

4

is pretextual," and so summary judgment was properly granted on Tillery's disparate treatment claims. *Scaria*, 117 F.3d at 654.[1]

## 2. Retaliation

"Title VII prohibits employers from retaliating 'against any . . . employee[] . . . because [that individual] has opposed any practice' made unlawful by Title VII." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015) (quoting 42 U.S.C. § 2000e–3(a)). We analyze retaliation claims under the *McDonnell Douglas* burden-shifting framework described above, except that, "to establish a *prima facie* case of retaliation," the plaintiff must "offer[] evidence that she 'participated in a protected activity,' 'suffered an adverse employment action,' and 'that there was a causal connection between her engaging in the protected activity and the adverse employment action.'" *Id.* (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010)). Tillery contends that, after Tillery conferred with a colleague about his discrimination complaint and told an Office employee that she had been subjected to racial discrimination, Felter retaliated against her by adding negative comments to Tillery's annual review and requesting that an inspector general investigate Tillery's travel reimbursement requests. We conclude that Tillery failed to meet her *prima facie* burden because neither the negative comments nor the inspector general referral amounted to adverse employment actions.

Although "a poor performance evaluation" may sometimes constitute an adverse action, *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 92 (2d Cir. 2015), Tillery's evaluation was overwhelmingly positive. It described her as "dependabl[e]," "measured," inquisitive,

---

[1] Tillery argues that she was also subjected to racial discrimination before 2011, but, as the district court concluded and Tillery does not contest, any Title VII claims she could bring for pre-2011 conduct would be untimely.

5

"helpful," and "professional," and only at the end stated that a supervisor "recently expressed some concerns about [Tillery's] productivity in regard to facility inspections." Joint App. 656–57. Lukewarm criticism like this at the end of an otherwise positive review would not "deter a reasonable employee from complaining" about racial discrimination and therefore does not constitute an adverse employment action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69 (2006); *see also Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011) (holding that a "counseling memo" containing mild criticism was not an adverse employment action in part because it "did not place [the plaintiff] in an active disciplinary process").

The inspector general referral did not constitute an adverse employment action either. A government investigation may constitute an adverse employment action if it results in "a hostile work environment, constructive discharge, or other employment consequences of a negative nature, or if conducted in such an egregious manner as to 'dissuade a reasonable worker from making or supporting a charge of discrimination.'" *Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 147 (2d Cir. 2014) (quoting *White*, 548 U.S. at 57). Tillery has not made any showing that either Felter's referral or the subsequent investigation came close to meeting this standard. *See also Tepperwien*, 663 F.3d at 569–70 (holding that an investigation into wrongdoing "consisting only of brief inquiries[] and resulting in no discipline," *id.* at 570, did not constitute an adverse employment action). The district court therefore properly granted summary judgment on this issue.

### 3. Hostile work environment

Finally, we conclude that the district court did not err in granting summary judgment on Tillery's hostile work environment claim. "[T]o establish a hostile work environment claim under Title VII, a plaintiff must produce enough evidence to show that 'the workplace [was] permeated

6

with discriminatory intimidation, ridicule, and insult, that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010) (quoting *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006)). "A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class." *Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999). Tillery failed to make a sufficient factual showing as to either element. She attested that the Office refused to send her to mandatory training, reduced her job responsibilities, refused to allow her to work remotely, made her sit outside her work unit, and criticized her performance. But this does not establish that the workplace was "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002); *see also Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015) (holding that a supervisor's derision of the plaintiff, "impatien[ce]" towards her, avoidance of her, and exclusion of her from meetings "could not support a finding of hostile work environment"). Nor has Tillery made any showing that she was subject to any of this hostile treatment because of her race. The Office is therefore entitled to summary judgment on her hostile work environment claim.

\* \* \*

We have considered Tillery's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7