21-672-cv
Szewczyk v. Saakian

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-two.

PRESENT:
>        **ROSEMARY S. POOLER,**
>        **ROBERT D. SACK,**
>        **MICHAEL H. PARK,**
>                *Circuit Judges.*

———————————————————

**DANUTA SZEWCZYK,**

>        *Plaintiff-Appellant,*

>        **v.**                                        **21-672**

**TAMARA SAAKIAN, AUDREY BROWN-BENNETT, CITY OF NEW YORK,**

>        *Defendants-Appellees.***

———————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | DANUTA SZEWCZYK, pro se, Elmwood Park, NJ. |
| **FOR DEFENDANTS-APPELLEES:** | CHLOE K. MOON, (Scott Shorr, Zachary S. Shapiro, *on the brief*), *for* Georgia M. Pestana, Corporation Counsel of the City of New York, New York, NY. |

* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Danuta Szewczyk, proceeding pro se, sued New York City and two New York City Fire Department ("FDNY") employees under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), generally alleging that Defendants refused to hire her as an assistant civil engineer because of her race, sex, national origin, religion, disability, and age. The district court dismissed Szewczyk's race and sex discrimination claims under Title VII, the NYSHRL, and the NYCHRL, her age discrimination claims under the ADEA and the NYSHRL, and her disability discrimination claim under the ADA for failure to state a claim. It subsequently granted summary judgment to Defendants on the remaining claims. We vacated the judgment with respect to the dismissal of the ADEA and NYSHRL age discrimination claims and the Title VII, NYSHRL, and NYCHRL sex discrimination claims, and we affirmed the judgment in all other respects. *Szewczyk v. Saakian*, 774 F. App'x 37, 40 (2d Cir. 2019).

On remand, the district court granted Defendants' motion for summary judgment on the ADEA and NYSHRL age discrimination and the Title VII and NYSHRL sex discrimination claims. It declined to exercise supplemental jurisdiction over the NYCHRL sex discrimination claim. Szewczyk timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of summary judgment *de novo*, construing the facts

2

in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021).

Title VII, ADEA, and NYSHRL claims are evaluated under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015) (Title VII); *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (ADEA); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (NYSHRL). "Under *McDonnell Douglas*, a plaintiff bears the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination; it is then the defendant's burden to proffer a legitimate non-discriminatory reason for its actions; the final and ultimate burden is on the plaintiff to establish that the defendant's reason is in fact pretext for unlawful discrimination." *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 251 (2d Cir. 2014).

Even assuming that Szewczyk established a prima facie case of sex and age discrimination, Defendants proffered a legitimate, non-discriminatory reason for their decision not to hire her— the two candidates who advanced past Szewczyk in the hiring process, Keivan Notghi and Gennadiy Lak, had more relevant experience for the assistant civil engineer position. We are unpersuaded by Szewczyk's arguments that the non-discriminatory reason provided by Defendants was pretextual.

Szewczyk contends that the Defendants' reason for not hiring her was pretextual because she was better qualified than Notghi and Lak. "When a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer . . . [her] credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate

3

selected over the plaintiff for the job in question." *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (internal quotation marks omitted).

First, Szewczyk contends that she had at least comparable relevant work experience as Notghi and Lak. One of the position's responsibilities was to conduct onsite inspections of buildings and roofs. Lak had recently worked for nearly a decade at the New York City Department of Housing Preservation and Development, and one of his responsibilities was conducting onsite roof inspections of New York City buildings. And Notghi had recently worked for nearly a decade for an Iranian construction company where he monitored and performed onsite inspections of construction sites. By contrast, the only onsite inspection experience Szewczyk listed on her resume was during an unspecified portion of the six years in the 1980s that she spent in a variety of positions for the Krakow City Bureau of Projects for Communal Buildings and Infrastructure. We thus affirm the district court's conclusion that "Plaintiff's resume . . . does not support her assertion that she possessed experience equivalent to Lak and Notghi." *Szewczyk v. City of New York*, No. 15-cv-918, 2021 WL 2010504, at *10 (E.D.N.Y. Feb. 23, 2021). Although the position listed other responsibilities besides onsite inspections, an employer is permitted to prioritize certain job criteria over others. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 47 (2d Cir. 2000) ("Columbia alone has the right to set its own criteria for promotion and then to evaluate a candidate's fitness for promotion under them." (brackets and internal quotation marks omitted)).

Second, Szewczyk argues that she was more qualified than the other two candidates because she had two master's degrees while Lak had only one and Notghi had none, and she had a "Professional License in Civil Engineering," which Lak did not have. Appellant's Br. at 9. Szewczyk offered no evidence that multiple master's degrees or a professional license made her more qualified. Indeed, the notice for the civil service examination did not mention professional

4

licenses and stated that the position required a bachelor's degree in civil engineering and either one year of full-time experience in civil engineering or a master's degree in civil engineering. As noted above, Defendants were permitted to prioritize relevant experience over education and professional licenses when selecting a candidate. *See Scaria v. Rubin*, 117 F.3d 652, 654-55 (2d Cir. 1997) (concluding there was no evidence of pretext where employer chose to value experience over education in filling a job). In sum, Szewczyk failed to demonstrate that she was more qualified than Notghi and Lak, much less that her credentials were "so superior" that "no reasonable person . . . could have chosen [Notghi and Lak] over [Szewczyk] for the job in question." *Byrnie*, 243 F.3d at 103 (internal quotation marks omitted).

Szewczyk also argues that Defendants' proffered reason was pretextual because she was asked during the interview whether she had children and how she would feel about working with younger supervisors.[1] Even assuming such questions could be interpreted to be discriminatory, without more, they are insufficient to defeat a motion for summary judgment. *See Naumovski v. Norris*, 934 F.3d 200, 216 (2d Cir. 2019) ("[S]tray remarks, even if made by a decisionmaker, do not constitute sufficient evidence to make out a case of employment discrimination." (internal quotation marks omitted)).

---

[1] Szewczyk alleges that one of her interviewers, Saakian, attempted to attack her physically during the interview. Szewczyk offered no evidence that Saakian acted this way because of her age and gender—in fact, Szewczyk suggests it was because of her blue eyes. *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) ("It is axiomatic that mistreatment at work . . . is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." (internal quotation marks omitted)).

We have considered all of the Szewczyk's remaining arguments and find them to be without merit.[2]   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We also conclude that the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining NYCHRL sex discrimination claim because it properly granted summary judgment on all of Szewczyk's federal claims.   *See Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").