Steve MOLNAR, Plaintiff–Appellant,

v.

PRATT & WHITNEY, Defendant–Appellee,

Michael J. Dorney, Daniel E. Livingston, Irving H. Perlmutter, David L. Belt, Special Masters.

Docket No. 02–7514.

United States Court of Appeals, Second Circuit.

April 25, 2002.

Steve Molnar, Beacon Falls, CT, pro se.

Eric L. Sussman (Albert Zakarian, on the brief), Day, Berry & Howard LLP, Hartford, CT, for Defendant–Appellee.

Present: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff–Appellant Steve Molnar appeals, pro se, from the district court's (Eginton, J.) grant of Defendant–Appellee Pratt & Whitney's motion for summary judgment on Molnar's age-discrimination

claims. These claims arise under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and Connecticut General Statutes § 46(a)–60(a)(1).[1]

## DISCUSSION

We review de novo the district court's grant of summary judgment, "resolv[ing] all ambiguities and draw[ing] all factual inferences in favor of [the nonmoving party]." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). ADEA claims are analyzed using the familiar *McDonnell Douglas* burden-shifting framework. *See Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 91 (2d Cir.2001). In the case before us, it is beyond doubt (a) that Appellant has made out a prima facie case, as his application for employment was rejected in favor of two younger candidates, and (b) that Appellee has articulated a nondiscriminatory reason for not hiring Appellant, namely, observance of a written company policy of "filling job vacancies from within the organization whenever possible." The question, then, is whether a rational trier of fact could conclude that Appellee's explanation was pretextual, and that the true reason that Pratt & Whitney rejected Molnar was because of his age.

Appellant proposes that the factfinder could infer discrimination from the following data. First, Molnar had more years of management experience than the candidates who were hired. Second, the person whom Molnar initially contacted about Pratt & Whitney employment inquired of Molnar's age. Third, of the 37 positions filled by Pratt & Whitney following Molnar's rejection, 82% went to candidates under 45 years of age.

These facts cannot support a finding of age-discriminatory motives. That Molnar had more years of management experience may have made him "better qualified"—in his own mind, or even objectively—than the two qualified applicants who were hired, but the company's nondiscriminatory policy was to make internal hires "whenever possible," and, unlike Molnar, the chosen applicants had many years of employment with Pratt & Whitney. Given the internal promotion policy, there can be no inference of illicit motive from the fact that Molnar was bypassed in favor of allegedly less experienced managers. Nor does the contention that a Pratt & Whitney employee asked about Molnar's age imply a suspect motive. This person was not a member of the hiring committee, and there is no evidence that he influenced the hiring process through other channels. Finally, one cannot infer a practice of age discrimination from the bare fact that most recent Pratt & Whitney hires were considerably younger than Molnar. One would need to know something about the applicant pool before drawing an inference of discrimination on this basis, and nothing in the record describes the pool.

We have considered Appellant's remaining arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.

---

1. In relevant part, Connecticut law follows the ADEA, *see Levy v. Comm'n on Human Rights & Opportunities*, 236 Conn. 96, 103–09, 671 A.2d 349 (1996), so we will assess the state and federal claims together, on the basis of federal precedent.