16-2415-cv
*McKeon v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT′S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

GREGORY MCKEON,

> *Plaintiff-Appellant*,

v.                                                                          16-2415-cv

JOHN F. KELLY, SECRETARY, DEPARTMENT OF HOMELAND SECURITY (TRANSPORTATION SECURITY ADMINISTRATION), AGENCY,

> *Defendant-Appellee*.[*]

_____

For Plaintiff-Appellant:            HARVEY WARREN SPIZZ, Spizz & Cooper LLP, Mineola, NY

For Defendant-Appellee:            SETH D. EICHENHOLTZ, Assistant United States

---

[*] The Clerk of Court is respectfully directed to amend the caption.

Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), for Robert L. Capers, United States Attorney, Eastern District of New York, Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gregory McKeon ("McKeon") appeals from the judgment of the United States District Court for the Eastern District of New York granting summary judgment to Defendant-Appellee John F. Kelly (then Jeh Johnson), Secretary of the Department of Homeland Security, on McKeon's gender discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*[1]

In 2009, McKeon, while employed by the Nassau County Sheriff's Department, applied for one of two Transportation Security Administration ("TSA") Transportation Security Inspector ("TSI") vacancies at John F. Kennedy International Airport. McKeon interviewed for the position, but ultimately two internal TSA candidates, one male and one female, were hired instead. McKeon challenges TSA's decision as motivated by gender discrimination. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*　　\*　　\*

We review grants of summary judgment *de novo*. *Ya-Chen Chen v. City University of N.Y.*, 805 F.3d 59, 69 (2d Cir. 2015). Summary judgment is appropriate only "if the movant

---

[1] McKeon does not challenge the district court's grant of summary judgment on his age discrimination claim on appeal.

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). All ambiguities must be resolved, and all reasonable inferences drawn, in favor of the non-movant. *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010).

McKeon's gender discrimination claim is governed by the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Dawson v. Bumble & Bumble*, 398 F.3d 211, 216–17 (2d Cir. 2005). As relevant here, a *prima facie* case under Title VII consists of four elements: (1) that the plaintiff falls within a protected group; (2) that the plaintiff applied for a position for which he was qualified; (3) that the plaintiff was denied the job; and (4) that the denial occurred under circumstances giving rise to an inference of unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 802; *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Once the plaintiff has established a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment decision. *Vivenzio*, 611 F.3d at 106. If the defendant does so, the burden shifts back to the plaintiff to prove that the defendant's proffered reason was pretext for discrimination. *Id.*; *Summa v. Hofstra Univ.*, 708 F.3d 115, 129 (2d Cir. 2013).

The district court correctly held that McKeon failed to demonstrate a genuine factual dispute as to the fourth element of his *prima facie* case, namely the existence of unlawful discrimination. McKeon's allegation that the TSA employee who made the ultimate decision regarding how to fill the two TSI positions, Federal Security Director Michael A. Scott ("Scott"), refused to hire him because of his gender is unsupported by any record evidence. McKeon did not demonstrate that Scott's determination to fill the two positions with only internal TSA applicants suggests gender discrimination. Indeed, McKeon offered no evidence whatsoever

3

that the TSA applicant pool contained any fewer males (or qualified males) than those in the external applicant pool, of which McKeon was a part.[2] *See Molnar v. Pratt & Whitney*, 63 F. App'x 528, 529 (2d Cir. 2002) (summary order) ("One would need to know something about the applicant pool before drawing an inference of discrimination . . . , and nothing in the record describes the pool."). Moreover, the fact that Scott ultimately hired a male for one of the two available TSI positions further undermines any inference of gender discrimination.

Additionally, even if McKeon *had* established a *prima facie* case, he failed to rebut the TSA's legitimate, non-discriminatory reason for not hiring him. Scott testified that he decided to choose only from highly-qualified TSA applicants—who had relevant experience with aviation security—because TSA employees had expressed dissatisfaction with their lack of advancement opportunities. McKeon has offered no evidence suggesting that this preference was anything but both reasonable and genuine. *See Clifford v. Barnhart*, 449 F.3d 276, 286 (1st Cir. 2006) (finding preference for internal candidates at the Social Security Administration did not suggest disability discrimination); *cf. Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014) (explaining that, in assessing employment discrimination claims, the Court does not

---

[2] On appeal, McKeon presses an argument, raised for the first time below in his opposition to defendant's summary judgment motion, that the availability of a veterans' preference for external candidates would advantage more men than women (since more men than women have served in the armed forces), and that a preference for internal candidates (to whom the veterans' preference does not apply) creates a disparate impact on men. That argument fails, however, because McKeon has made no "threshold showing of a significant statistical disparity" with respect to gender between the internal and external candidates. *Ricci v. DeStefano*, 557 U.S. 557, 587 (2009). McKeon has offered no evidence regarding the gender make-up, or the proportion of veterans, in either the internal or the external pool, let alone any evidence of how the veterans' preference would have affected the rankings of the candidates. His argument thus rests entirely on unsupported speculation, and such "speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996); *see also Mhany Mgmt., Inc. v. County of Nassau*, 819 F.3d 581, 621 (2d Cir. 2016) (same).

4

"sit as a super-personnel department that reexamines an entity's business decisions" (quoting *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997)).

We have considered McKeon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk